## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

HARLEYSVILLE NATIONAL BANK          :
AND TRUST COMPANY                   :
483 Main Street                     :
Harleysville, PA 19438,             :
                                    :
      Plaintiff,             :
                                    :
    vs.                           :          Civil Action No.
                                    :
OVERALL THOROUGHBREDS, LLC,         :
3204 Midway Road                    :
Versailles, KY 40383                :
      and                    :
NEVERTELL FARM KENTUCKY V, LLC      :
3204 Midway Road                    :
Versailles, Kentucky 40383          :
      and                    :
STONE*WALL FARM STALLIONS, LLC      :
3204 Midway Road                    :
Versailles, Kentucky 40383          :
      and                    :
STONE*WALL FARM STALLIONS IV, LLC   :
3204 Midway Road                    :
Versailles, Kentucky 40383          :
      and                    :
AUDREY HAISFIELD                    :
3204 Midway Road                    :
Versailles, Kentucky 40383          :
      and                    :
RICHARD HAISFIELD                   :
3204 Midway Road                    :
Versailles, Kentucky 40383,         :
      and                    :
PLANTATION CLASSIC INVESTMENTS, INC., :
3204 Midway Road                    :
Versailles, Kentucky 40383          :
        Defendants.        :
                                    :

## COMPLAINT

Plaintiff, Harleysville National Bank and Trust Company, by and through its attorneys, Reed Smith LLP, hereby files this Complaint and in support thereof states as follows:

## Parties

1.    Plaintiff, Harleysville National Bank and Trust Company ("HNB"), is national banking association with an address of 483 Main Street, Harleysville, Pennsylvania, 19438.

2.    Defendant Overall Thoroughbreds, LLC ("Overall") is a Kentucky limited liability company with its principal place of business located at 3204 Midway Road, Versailles, Kentucky, 40383.  On information and belief, Audrey Lea Haisfield ("Audrey Haisfield") is the sole member of Overall.

3.    Defendant Nevertell Farm Kentucky V, LLC ("Nevertell") is a Kentucky limited liability company with its principal place of business located at 3204 Midway Road, Versailles, Kentucky, 40383.  On information and belief, Audrey Haisfield is the sole member of Nevertell.

4.    Defendant Stone*Wall Farm Stallions, LLC ("Stonewall") is a Kentucky limited liability company with its principal place of business located at 3204 Midway Road, Versailles, Kentucky, 40383.  On information and belief, Richard Haisfield is the sole member of Stonewall.

5.    Defendant Stone*Wall Farm Stallions IV, LLC ("Stonewall IV") is a Kentucky limited liability company with its principal place of business located at 3204 Midway Road, Versailles, Kentucky, 40383.  On information and belief, Audrey Haisfield is the sole member of Stonewall IV.

6.    Defendant Audrey Haisfield is an adult individual who resides at 3204 Midway Road, Versailles, Kentucky, 40383.

7.   Defendant Richard Haisfield is an adult individual who resides at 3204 Midway Road, Versailles, Kentucky, 40383.

8.   Defendant Plantation Classic Investments, Inc. ("Plantation") is a Florida corporation with its principal place of business located at 3204 Midway Road, Versailles, Kentucky, 40383.

## Jurisdiction and Venue

9.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and there is an amount in controversy in excess of $75,000.

10.   Venue is proper in this District because a substantial part of the facts and occurrences related to this matter occurred in this District and/or because Defendants Overall, Nevertell, Stonewall, Audrey Haisfield and Richard Haisfield consented in writing to venue in this District and to the jurisdiction of this Court.

## Factual Allegations

11.   Overall executed and delivered to Harleysville a Loan and Security Agreement dated June 23, 2006 (the "Loan Agreement") pursuant to which HNB made a loan to Overall in the original principal amount of $17,000,000 (the "Loan").  A true and correct copy of the Loan Agreement is attached hereto and incorporated by reference as **Exhibit "A"**.

12.   As set forth more fully in the Loan Agreement and subject to the terms and conditions stated therein, a $10,460,000 principal portion of the Loan was made available to refinance existing obligations on certain real property, specifically the "Stonewall Farm"

comprising approximately 232.34 acres and located at 3204 Midway Road, Versailles, Kentucky. *See* Ex. A, § 2.2.   This principal portion of the Loan is known by the Parties as the "Farm Financing Tranche."

13.     Additionally, and as set forth more fully in the Loan Agreement and subject to the terms and conditions stated therein, a $6,540,000 principal portion of the Loan was made available to purchase one or more thoroughbred stallions. *See* Ex. A, § 2.3.   This principal portion of the Loan is known by the Parties as the "Stallion Financing Tranche."

14.     In connection with the Loan Agreement, Overall also executed and delivered to HNB a Note dated June 23, 2006 (the "Note," and together with the Loan Agreement, the "Loan Documents") in the original principal amount of $17,000,000.  A true and correct copy of the Note is attached hereto and incorporated by reference as **Exhibit "B"**.

15.     In connection with the Loan Agreement, Nevertell executed and delivered to HNB a Guaranty (Suretyship) Agreement dated June 23, 2006 (the "Nevertell Guaranty").  A true and correct copy of the Nevertell Guaranty is attached hereto and incorporated by reference as **Exhibit "C"**.

16.     Through its Guaranty, Nevertell agreed that its maximum aggregate liability pursuant to its Guaranty is $17,000,000, plus interest as allowed by the Note, fees, charges and costs of collection, including reasonable attorneys' fees. Ex. C, § 2.8.

17.     In connection with the Loan Agreement, Nevertell also executed a Security Agreement dated June 23, 2006 (the "Nevertell Security Agreement") through which it pledged

certain collateral to HNB.   A true and correct copy of the Nevertell Security Agreement is attached hereto and incorporated by reference as **Exhibit "D"**.

18.     In connection with the Loan Agreement, Stonewall executed and delivered to HNB a Guaranty (Suretyship) Agreement dated June 23, 2006 (the "Stonewall Guaranty").   A true and correct copy of the Stonewall Guaranty is attached hereto and incorporated by reference as **Exhibit "E"**.

19.     Through its Guaranty, Stonewall agreed that its maximum aggregate liability pursuant to its guaranty is $17,000,000, plus interest as allowed by the Note, fees, charges and costs of collection, including reasonable attorneys' fees. Ex. E, § 2.8.

20.     In connection with the Loan Agreement, Stonewall also executed a Security Agreement dated June 23, 2006 (the "Stonewall Security Agreement") through which it pledged certain collateral to HNB.   A true and correct copy of the Stonewall Security Agreement is attached hereto and incorporated by reference as **Exhibit "F"**.

21.     In connection with the Loan Agreement, Audrey Haisfield and Richard Haisfield executed and delivered to HNB a Guaranty (Suretyship) Agreement dated June 23, 2006 (the "Haisfield Guaranty").   A true and correct copy of the Haisfield Guaranty is attached hereto and incorporated by reference as **Exhibit "G"**.

22.     Through their Guaranty, Audrey Haisfield and Richard Haisfield each agreed that their maximum aggregate liability pursuant to their guaranty is $17,000,000, plus interest as allowed by the Note, fees, charges and costs of collection, including reasonable attorneys' fees. Ex. G, § 2.8.

23.     In connection with the Loan Agreement, Audrey Haisfield also executed a Pledge Agreement dated June 23, 2006 (the "Haisfield Pledge Agreement") through which Audrey Haisfield pledged certain collateral to HNB.   A true and correct copy of the Haisfield Pledge Agreement is attached hereto and incorporated by reference as **Exhibit "H"**.

24.     In connection with the Loan Agreement, Plantation executed a Pledge Agreement dated June 23, 2006 (the "Plantation Pledge Agreement") through which Plantation pledged certain collateral to HNB.   A true and correct copy of the Plantation Pledge Agreement is attached hereto and incorporated by reference as **Exhibit "I"**.

25.     On or about October 5, 2006, Stone*Wall Farm Stallions IV, LLC executed a Security Agreement (the "Stonewall IV Security Agreement") through which Stonewall IV pledged certain collateral, defined in the Stonewall IV Security Agreement as the ""Equine Collateral," to HNB.   A true and correct copy of the Stonewall IV Security Agreement is attached hereto and incorporated by reference as **Exhibit "J"**.

26.     On June 15, 2009, HNB advised Overall, Nevertell, Stonewall, Audrey Haisfield and Richard Haisfield in writing (hereinafter referred to as the "Demand Letter") that Overall had failed to make various payments due under the Loan Agreement and/or Note, including principal payments related to the Farm Financing Tranche in the amount of $37,416.50 due on each of February 1, 2009, March 1, 2009, April 1, 2009, May 1, 2009 and June 1, 2009, as well as additional principal payments in the amount of $37,416.50 due on May 1, 2009 and June 1, 2009 on account of principal payments originally due on December 1, 2008 and January 1, 2009. A copy of HNB's Demand Letter is attached as **Exhibit "K."**

27.     HNB further advised that Overall had failed to make various interest payments on the Farm Financing Tranche, including interest payments of $18,631.59 due on March 1, 2009, $21,326.65 due on April 1, 2009, $20,201.80 due on May 1, 2009 and $20,514.92 due on June 1, 2009. *See* Ex. K.

28.     By that same Demand Letter, HNB advised that Overall had failed to make various payments due under the Loan Agreement and/or Note, including principal payments related to the Stallion Financing Tranche in the amount of $170,000 due on April 1, 2009, May 1, 2009 and $165,000 due on June 1, 2009. *See* Ex. K.

29.     HNB further advised that Overall had failed to make various interest payments on the Stallion Financing Tranche, including interest payments of $5,634.11 due on April 1, 2009, $7,745.84 due on May 1, 2009 and $7,378.62 due on June 1, 2009. *See* Ex. K.

30.     By that same Demand Letter, HNB advised that Overall had failed to pay late charges in the amount of $107,308.20. Ex. K.

31.     HNB further advised that an Event of Default would occur if all of the aforementioned payments were not made on or before June 25, 2009. *See* Ex. K.

32.     Overall failed to make the payments demanded in the June 15, 2009 letter.

33.     By letter sent after the close of business on June 25, 2009, HNB notified Overall, Nevertell, Stonewall, Audrey Haisfield and Richard Haisfield that an Event of Default (hereinafter referred to as the "Default Letter") had occurred. A copy of HNB's Default Letter is attached as **Exhibit "L."**

34.    The Default Letter notified Overall, Nevertell, Stonewall, Audrey Haisfield and Richard Haisfield that $11,145,928,98 in principal, interest and late charges was due on the Farm Financing Tranche, and $4,086.297.62 in principal, interest and late charges was due on the Stallion Financing Tranche. *See* Ex. L.

35.    The amounts due have not been paid.

### COUNT I - BREACH OF CONTRACT – HNB V. OVERALL

36.    HNB incorporates by references paragraphs 1 through 35 as if set forth in full herein.

37.    Overall is indebted to HNB pursuant to the Loan Documents in the amount of $15,214,225, plus interest at the Default Rate (as defined in the Loan Documents), late charges, costs and attorneys' fees.   Ex. A, §§ 8.2, 8.3; Ex. B, § 5.

38.    To date hereof, Overall has failed to pay the amounts due and owing in accordance with the Default Letter and Loan Documents.

39.    HNB has at all times fully and properly performed its obligations under the Loan Documents and all conditions precedent have been performed by HNB or have occurred to establish HNB's rights to recover the amount due.

40.    Overall has breached the terms of the Loan Documents, and HNB is entitled to recovery of all amounts set forth herein and in the Loan Documents, including attorneys' fees.

**WHEREFORE,** Harleysville National Bank and Trust Company respectfully requests that the Court enter judgment against Overall Thoroughbreds, LLC and award Harleysville

National Bank and Trust Company such legal and equitable relief as the Court may deem proper.

### COUNT II - BREACH OF CONTRACT (GUARANTY) – HNB V. NEVERTELL

41.     HNB incorporates by references paragraphs 1 through 40 as if set forth in full herein.

42.     Nevertell is indebted to HNB pursuant to the Nevertell Guaranty and Loan Documents in the amount of $15,214,225, plus interest at the Default Rate (as defined in the Loan Documents), late charges, costs and attorneys' fees.   Ex. A, §§ 8.2, 8.3; Ex. B, § 5.

43.     To date hereof, Nevertell has failed to pay the amounts due and owing in accordance with the Default Letter and the Nevertell Guaranty.

44.     HNB has at all times fully and properly performed its obligations under the Loan Documents and Nevertell Guaranty and all conditions precedent have been performed by HNB or have occurred to establish HNB's rights to recover the amount due.

45.     Nevertell has breached the terms of the Nevertell Guaranty, and HNB is entitled to recovery of all amounts set forth herein and in the Nevertell Guaranty and Loan Documents, including attorneys' fees.

**WHEREFORE,** Harleysville National Bank and Trust Company respectfully requests that the Court enter judgment against Nevertell Farm Kentucky V, LLC and award Harleysville National Bank and Trust Company such legal and equitable relief as the Court may deem proper.

## COUNT III - BREACH OF CONTRACT
## (SECURITY AGREEMENT) – HNB V. NEVERTELL

46.      HNB incorporates by references paragraphs 1 through 45 as if set forth in full

herein.

47.      In light of the defaults described herein, HNB is entitled to, *inter alia*, enforce all

rights provided to it pursuant to the Nevertell Security Agreement, including possession of any

collateral and/or requiring Nevertell to deliver any and all collateral to Lender at a location

designated by Lender.  Ex. D, § 5.2.

48.      HNB has at all times fully and properly performed its obligations under the

Nevertell Security Agreement and all conditions precedent have been performed by HNB or

have occurred to establish HNB's rights to recover the collateral.

49.      HNB is entitled to immediate recovery and possession of all amounts and/or

collateral and/or other remedies described in the Nevertell Security Agreement, including

attorneys' fees.

**WHEREFORE,** Harleysville National Bank and Trust Company respectfully requests

that the Court enter judgment against Nevertell Farm Kentucky V, LLC and award Harleysville

National Bank and Trust Company such legal and equitable relief as the Court may deem proper.

## COUNT IV - BREACH OF CONTRACT (GUARANTY) – HNB V. STONEWALL

50.      HNB incorporates by references paragraphs 1 through 49 as if set forth in full

herein.

51.    Stonewall is indebted to HNB pursuant to the Stonewall Guaranty and Loan Documents in the amount of $15,214,225, plus interest at the Default Rate (as defined in the Loan Documents), late charges, costs and attorneys' fees.   Ex. A, §§ 8.2, 8.3; Ex. B, § 5.

52.    To date hereof, Stonewall has failed to pay the amounts due and owing in accordance with the Default Letter and the Stonewall Guaranty.

53.    HNB has at all times fully and properly performed its obligations under the Loan Documents and Stonewall Guaranty and all conditions precedent have been performed by HNB or have occurred to establish HNB's rights to recover the amount due.

54.    Stonewall has breached the terms of the Stonewall Guaranty, and HNB is entitled to recovery of all amounts set forth herein and in the Stonewall Guaranty and Loan Documents, including attorneys' fees.

**WHEREFORE,** Harleysville National Bank and Trust Company respectfully requests that the Court enter judgment against Stone*Wall Farm Stallions, LLC and award Harleysville National Bank and Trust Company such legal and equitable relief  as the Court may deem proper.

### COUNT V - BREACH OF CONTRACT
### (SECURITY AGREEMENT) – HNB V. STONEWALL

55.    HNB incorporates by references paragraphs 1 through 54 as if set forth in full herein.

56.    In light of the defaults described herein, HNB is entitled to, *inter alia*, enforce all rights provided to it pursuant to the Stonewall Security Agreement, including possession of any

collateral and/or requiring Stonewall to deliver any and all collateral to Lender at a location designated by Lender. Ex. F, § 5.2.

57.     HNB has at all times fully and properly performed its obligations under the Stonewall Security Agreement and all conditions precedent have been performed by HNB or have occurred to establish HNB's rights to recover the collateral.

58.     HNB is entitled to immediate recovery and possession of all amounts and/or collateral and/or other remedies described in the Stonewall Security Agreement, including attorneys' fees.

**WHEREFORE,** Harleysville National Bank and Trust Company respectfully requests that the Court enter judgment against Nevertell Farm Kentucky V, LLC and award Harleysville National Bank and Trust Company such legal and equitable relief  as the Court may deem proper.

## COUNT VI - BREACH OF CONTRACT
### (GUARANTY) – HNB  V. AUDREY HAISFIELD AND RICHARD HAISFIELD

59.     HNB incorporates by references paragraphs 1 through 58 as if set forth in full herein.

60.     Audrey Haisfield and Richard Haisfield are each individually indebted to HNB pursuant to the Haisfield Guaranty and Loan Documents in the amount of $15,214,225, plus interest at the Default Rate (as defined in the Loan Documents), late charges, costs and attorneys' fees.  Ex. A, §§ 8.2, 8.3; Ex. B, § 5.

61.     To date hereof, Audrey Haisfield and Richard Haisfield have failed to pay the amounts due and owing in accordance with the Default Letter and the Haisfield Guaranty.

62.     HNB has at all times fully and properly performed its obligations under the Loan Documents and Haisfield Guaranty and all conditions precedent have been performed by HNB or have occurred to establish HNB's rights to recover the amount due.

63.     Audrey Haisfield and Richard Haisfield have breached the terms of the Haisfield Guaranty, and HNB is entitled to recovery of all amounts set forth herein and in the Haisfield Guaranty and Loan Documents, including attorneys' fees.

**WHEREFORE,** Harleysville National Bank and Trust Company respectfully requests that the Court enter judgment against Audrey Haisfield and Richard Haisfield and award Harleysville National Bank and Trust Company such legal and equitable relief as the Court may deem proper.

## COUNT VII - BREACH OF CONTRACT
## (PLEDGE AGREEMENT) – HNB V. AUDREY HAISFIELD

64.     HNB incorporates by references paragraphs 1 through 63 as if set forth in full herein.

65.     In light of the defaults described herein, HNB is entitled to, *inter alia*, enforce all rights provided to it pursuant to the Haisfield Pledge Agreement, including possession of any collateral and/or requiring Stonewall IV to deliver any and all collateral to Lender at a location designated by Lender. Ex. H, § 6.

66.     HNB has at all times fully and properly performed its obligations under the Haisfield Pledge Agreement and all conditions precedent have been performed by HNB or have occurred to establish HNB's rights to recover the collateral.

67.     HNB is entitled to immediate recovery and possession of all amounts and/or collateral and/or other remedies described in the Haisfield Pledge Agreement, including attorneys' fees.

**WHEREFORE,** Harleysville National Bank and Trust Company respectfully requests that the Court enter judgment against Audrey Haisfield and award Harleysville National Bank and Trust Company such legal and equitable relief as the Court may deem proper.

## COUNT VIII - BREACH OF CONTRACT
## (SECURITY AGREEMENT) – HNB V. STONEWALL IV

68.     HNB incorporates by references paragraphs 1 through 67 as if set forth in full herein.

69.     In light of the defaults described herein, HNB is entitled to, *inter alia*, enforce all rights provided to it pursuant to the Stonewall IV Security Agreement, including possession of any collateral and/or requiring Stonewall IV to deliver any and all collateral to Lender at a location designated by Lender.   Ex. J § 6.

70.     HNB has at all times fully and properly performed its obligations under the Stonewall IV Security Agreement and all conditions precedent have been performed by HNB or have occurred to establish HNB's rights to recover the collateral.

71.     HNB is entitled to immediate recovery and possession of all amounts and/or collateral and/or other remedies described in the Stonewall IV Security Agreement, including attorneys' fees.

**WHEREFORE,** Harleysville National Bank and Trust Company respectfully requests that the Court enter judgment against Stone*Wall Farm Stallions IV, LLC and award Harleysville National Bank and Trust Company such legal and equitable relief as the Court may deem proper.

## COUNT IX - BREACH OF CONTRACT
## (SECURITY AGREEMENT) – HNB V. PLANTATION

72.     HNB incorporates by references paragraphs 1 through 71 as if set forth in full herein.

73.     In light of the defaults described herein, HNB is entitled to, *inter alia*, enforce all rights provided to it pursuant to the Plantation Security Agreement, including possession of any collateral and/or requiring Plantation to deliver any and all collateral to Lender at a location designated by Lender.   Ex. I § 6.

74.     HNB has at all times fully and properly performed its obligations under the Plantation Security Agreement and all conditions precedent have been performed by HNB or have occurred to establish HNB's rights to recover the collateral.

75.     HNB is entitled to immediate recovery and possession of all amounts and/or collateral and/or other remedies described in the Plantation Security Agreement, including attorneys' fees.

**WHEREFORE,** Harleysville National Bank and Trust Company respectfully requests that the Court enter judgment against Plantation Classic Investments, Inc. and award Harleysville National Bank and Trust Company such legal and equitable relief as the Court may deem proper.

/s *Andrew J. Soven*
Andrew J. Soven
Matthew E. Tashman
**REED SMITH LLP**
2500 One Liberty Place
Philadelphia, PA  19103-7301
215-851-8100

Attorneys for Plaintiff
Harleysville National Bank
 and Trust Company

Dated:  November 12, 2009