## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARLEYSVILLE NATIONAL BANK<br>AND TRUST COMPANY<br>483 Main Street<br>Harleysville, PA 19438,<br><br>      Plaintiff,<br><br>vs.<br><br>OVERALL THOROUGHBREDS, LLC,<br>3204 Midway Road<br>Versailles, Kentucky 40383<br>   and<br>NEVERTELL FARM KENTUCKY V, LLC<br>3204 Midway Road<br>Versailles, Kentucky 40383<br>   and<br>STONE*WALL FARM STALLIONS, LLC<br>3204 Midway Road<br>Versaille, Kentucky 40383<br>   and<br>STONE*WALL FARM STALLIONS IV, LLC<br>3204 Midway Road<br>Versailles, Kentucky 40383<br>   and<br>AUDREY HAISFIELD<br>3204 Midway Road<br>Versailles, Kentucky 40383<br>   and<br>RICHARD HAISFIELD<br>3204 Midway Road<br>Versailles, Kentucky 40383<br>   and<br>PLANTATION CLASSIC INVESTMENTS, INC.,<br>3204 Midway Road<br>Versailles, Kentucky 40383<br>      Defendants. | Civil Action No. 09-5359 |

**ANSWER OF OVERALL THOROUGHBREDS, LLC, NEVERTELL FARM KENTUCKY V, LLC, STONE*WALL FARM STALLIONS, LLC, STONE*WALL FARM STALLIONS, IV, LLC, AUDREY HAISFIELD, RICHARD HAISFIELD AND PLANTATION CLASSIC**

{P0091885}
P0091886.DOC

## INVESTMENTS, INC. TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendants, Overall Thoroughbreds, LLC ("Overall"), Nevertell Farm Kentucky V, LLC, ("Nevertell"), Stone*wall Farms Stallions, LLC ("Stonewall"), Stone*wall Farms Stallions IV, LLC ("Stonewall IV"), Audrey Haisfield, Richard Haisfield (together, the "Haisfields") and Plantation Classic Investments, Inc., ("Plantation")(collectively, "Defendants"), through their counsel submits the following Answer to Plaintiff's Complaint with Affirmative Defenses:

### PARTIES

1. Admitted, as alleged by Plaintiff.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.

### JURISDICTION AND VENUE

9. Admitted.
10. Admitted.

### FACTUAL ALLEGATIONS

11. Denied. To the extent that this paragraph purports to restate the contents of the Loan and Security Agreement dated June 23, 2006 (the "Loan Agreement"), it is submitted that the Loan Agreement is a written document which speaks for itself.

12. Denied. To the extent that this paragraph purports to restate the contents of the Loan Agreement, it is submitted that the Loan Agreement is a written document which speaks for itself.

13. Denied. To the extent that this paragraph purports to restate the contents of the Loan Agreement, it is submitted that the Loan Agreement is a written document which speaks for itself.

14. Denied. To the extent that this paragraph purports to restate the contents of the Note dated June 23, 2006 ("Note"), it is submitted that the Note is a written document which speaks for itself.

15. Denied. To the extent that this paragraph purports to restate the contents of the Guaranty (Suretyship) Agreement dated June 23, 2006 (the "Nevertell Guaranty"), it is submitted that the Nevertell Guaranty is a written document which speaks for itself.

16. Denied. To the extent that this paragraph purports to restate the contents of the Nevertell Guaranty, it is submitted that the Nevertell Guaranty is a written document which speaks for itself.

17. Denied. To the extent that this paragraph purports to restate the contents of the Security Agreement dated June 23, 2006 (the "Nevertell Security Agreement"), it is submitted that the Nevertell Security Agreement is a written document which speaks for itself.

18. Denied. To the extent that this paragraph purports to restate the contents of the Guaranty (Suretyship) Agreement dated June 23, 2006 between Plaintiff and Stonewall (the "Stonewall Guaranty"), it is submitted that the Stonewall Guaranty is a written document which speaks for itself.

19.     Denied. To the extent that this paragraph purports to restate the contents of the Stonewall Guaranty, it is submitted that the Stonewall Guaranty is a written document which speaks for itself.

20.     Denied. To the extent that this paragraph purports to restate the contents of the Security Agreement dated June 23, 2006 between Plaintiff and Stonewall (the "Stonewall Security Agreement"), it is submitted that the Stonewall Security Agreement is a written document which speaks for itself.

21.     Denied. To the extent that this paragraph purports to restate the contents of the Guaranty (Suretyship) Agreement dated June 23, 2006 between Plaintiff and Audrey Haisfield and Richard Haisfield (the "Haisfield Guaranty"), it is submitted that the Haisfield Guaranty is a written document which speaks for itself.

22.     Denied. To the extent that this paragraph purports to restate the contents of the Haisfield Guaranty, it is submitted that the Haisfield Guaranty is a written document which speaks for itself.

23.     Denied. To the extent that this paragraph purports to restate the contents of the Pledge Agreement dated June 23, 2006 between the Plaintiff and Audrey and Richard Haisfield (the "Haisfield Pledge Agreement"), it is submitted that the Haisfield Pledge Agreement is a written document which speaks for itself.

24.     Denied. To the extent that this paragraph purports to restate the contents of the Pledge Agreement dated June 23, 2006 between the Plaintiff and Plantation (the "Plantation Pledge Agreement"), it is submitted that the Plantation Pledge Agreement is a written document which speaks for itself.

25.    Denied. To the extent that this paragraph purports to restate the contents of the Security Agreement dated October 5, 2006 between the Plaintiff and Stonewall IV ("Stonewall IV Security Agreement"), it is submitted that the Stonewall IV Security Agreement is a written document which speaks for itself.

26.    Denied. To the extent that this paragraph purports to restate the contents of the correspondence dated June 15, 2009, to Defendants, Overall, Nevertell and the Haisfields, attached to Plaintiff's Complaint as Exhibit "K", it is submitted that the correspondence i is a written document which speaks for itself.

27.    Denied. To the extent that this paragraph purports to restate the contents of the correspondence dated June 15, 2009, to Defendants, Overall, Nevertell and the Haisfields, attached to Plaintiff's Complaint as Exhibit "K", it is submitted that the correspondence is a written document which speaks for itself

28.    Denied. To the extent that this paragraph purports to restate the contents of the correspondence dated June 15, 2009, to Defendants, Overall, Nevertell and the Haisfields, attached to Plaintiff's Complaint as Exhibit "K", it is submitted that the correspondence i is a written document which speaks for itself.

29.    Denied. To the extent that this paragraph purports to restate the contents of the correspondence dated June 15, 2009, to Defendants, Overall, Nevertell and the Haisfields, attached to Plaintiff's Complaint as Exhibit "K", it is submitted that the correspondence is a written document which speaks for itself.

30.    Denied. To the extent that this paragraph purports to restate the contents of the correspondence dated June 15, 2009, to Defendants, Overall, Nevertell and the Haisfields, attached

to Plaintiff's Complaint as Exhibit "K", it is submitted that the correspondence is a written document which speaks for itself.

31. Denied. To the extent that this paragraph purports to restate the contents of the correspondence dated June 15, 2009, to Defendants, Overall, Nevertell and the Haisfields, attached to Plaintiff's Complaint as Exhibit "K", it is submitted that the correspondence is a written document which speaks for itself.

32. Denied. Strict proof thereof is demanded at the time of trial.

33. Denied. To the extent that this paragraph purports to restate the contents of the correspondence dated June 25, 2009, to Defendants, Overall, Nevertell and the Haisfields, attached to Plaintiff's Complaint as Exhibit "L", it is submitted that the correspondence is a written document which speaks for itself.

34. Denied. To the extent that this paragraph purports to restate the contents of the correspondence dated June 25, 2009, to Defendants, Overall, Nevertell and the Haisfields, attached to Plaintiff's Complaint as Exhibit "L", it is submitted that the correspondence is a written document which speaks for itself.

35. Denied. Strict proof thereof is demanded at the time of trial.

### COUNT I: BREACH OF CONTRACT – HNB V. OVERALL

36. Defendants incorporate by references paragraphs 1 through 35 as if set forth in full herein.

37. Denied. Strict proof thereof is demanded at the time of trial.

38. Denied. Strict proof thereof is demanded at the time of trial.

39. Denied. Strict proof thereof is demanded at the time of trial.

40. Denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

**WHEREFORE**, Defendant, Overall Thoroughbreds, LLC, demands judgment against the Plaintiff dismissing Plaintiff's Complaint with prejudice and denying Plaintiff's requested relief, and seeks an award of its costs, attorney fees and any such further relief as this Court deems appropriate.

### COUNT II:  BREACH OF CONTRACT (GUARANTY) – HNB V. NEVERTELL

41. Defendants incorporate by references paragraphs 1 through 40 as if set forth in full herein.

42. Denied. Strict proof thereof is demanded at the time of trial.

43. Denied. Strict proof thereof is demanded at the time of trial.

44. Denied. Strict proof thereof is demanded at the time of trial.

45. Denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

**WHEREFORE**, Defendant, Nevertell Farm Kentucky V, LLC, demands judgment against the Plaintiff dismissing Plaintiff's Complaint with prejudice and denying Plaintiff's requested relief, and seeks an award of its costs, attorney fees and any such further relief as this Court deems appropriate.

### COUNT III:  BREACH OF CONTRACT (SECURITY AGREEMENT) – HNB V. NEVERTELL

46. Defendants incorporate by references paragraphs 1 through 45 as if set forth in full herein.

47. Denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

48.   Denied. Strict proof thereof is demanded at the time of trial.

49.   Denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

**WHEREFORE**, Defendant, Nevertell Farm Kentucky V, LLC, demands judgment against the Plaintiff dismissing Plaintiff's Complaint with prejudice and denying Plaintiff's requested relief, and seeks an award of its costs, attorney fees and any such further relief as this Court deems appropriate.

## COUNT IV:  BREACH OF CONTRACT (GUARANTY) – HNB V. STONEWALL

50.   Defendants incorporate by references paragraphs 1 through 49 as if set forth in full herein.

51.   Denied. Strict proof thereof is demanded at the time of trial.

52.   Denied. Strict proof thereof is demanded at the time of trial.

53.   Denied. Strict proof thereof is demanded at the time of trial.

54.   Denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

**WHEREFORE**, Defendant, Stone*wall Farm Stallions, LLC, demands judgment against the Plaintiff dismissing Plaintiff's Complaint with prejudice and denying Plaintiff's requested relief, and seeks an award of its costs, attorney fees and any such further relief as this Court deems appropriate.

## COUNT IV:  BREACH OF CONTRACT (SECURITY AGREEMENT) – HNB V. STONEWALL

55.   Defendants incorporate by references paragraphs 1 through 54 as if set forth in full herein.

56. Denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

57. Denied. Strict proof thereof is demanded at the time of trial.

58. Denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

**WHEREFORE**, Defendant, Stone*wall Farm Stallions, LLC, demands judgment against the Plaintiff dismissing Plaintiff's Complaint with prejudice and denying Plaintiff's requested relief, and seeks an award of its costs, attorney fees and any such further relief as this Court deems appropriate.

### COUNT VI:  BREACH OF CONTRACT (GUARANTY) – HNB V. AUDREY HAISFIELD AND RICHARD HAISFIELD

59. Defendants incorporate by references paragraphs 1 through 58 as if set forth in full herein.

60. Denied. Strict proof thereof is demanded at the time of trial.

61. Denied. Strict proof thereof is demanded at the time of trial.

62. Denied. Strict proof thereof is demanded at the time of trial.

63. Denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

**WHEREFORE**, Defendants, Audrey Haisfield and Richard Haisfield, demands judgment against the Plaintiff dismissing Plaintiff's Complaint with prejudice and denying Plaintiff's requested relief, and seek an award of their costs, attorney fees and any such further relief as this Court deems appropriate.

### COUNT VII: BREACH OF CONTRACT (PLEDGE AGREEMENT) – HNB V. AUDREY HAISFIELD

64. Defendants incorporate by references paragraphs 1 through 63 as if set forth in full herein.

65. Denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

66. Denied. Strict proof thereof is demanded at the time of trial.

67. Denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

**WHEREFORE**, Defendant, Audrey Haisfield, demands judgment against the Plaintiff dismissing Plaintiff's Complaint with prejudice and denying Plaintiff's requested relief, and seeks an award of her costs, attorney fees and any such further relief as this Court deems appropriate.

### COUNT VIII: BREACH OF CONTRACT (SECURITY AGREEMENT) – HNB V. STONEWALL IV

68. Defendants incorporate by references paragraphs 1 through 67 as if set forth in full herein.

69. Denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

70. Denied. Strict proof thereof is demanded at the time of trial.

71. Denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

**WHEREFORE**, Defendant, Stone*wall Farms Stallions IV, LLC, demands judgment against the Plaintiff dismissing Plaintiff's Complaint with prejudice and denying Plaintiff's

requested relief, and seeks an award of its costs, attorney fees and any such further relief as this Court deems appropriate.

## COUNT IX: BREACH OF CONTRACT (SECURITY AGREEMENT) – HNB V. PLANTATION

72. Defendants incorporate by references paragraphs 1 through 71 as if set forth in full herein.

73. Denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

74. Denied. Strict proof thereof is demanded at the time of trial.

75. Denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

**WHEREFORE**, Defendant, Plantation Classic Investments, Inc., demands judgment against the Plaintiff dismissing Plaintiff's Complaint with prejudice and denying Plaintiff's requested relief, and seeks an award of its costs, attorney fees and any such further relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, as Plaintiff's Complaint fails to state a cause of action against Defendants upon which relief may be granted.

### SECOND DEFENSE

To the extent shown by the facts, Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, and/or the doctrines of, estoppel and/or laches, and/or the doctrine of unclean hands.

### THIRD DEFENSE

Plaintiff's recovery is barred, in whole or in part, by the actions and/or omissions of Plaintiff or any of Plaintiff's agents, employees, or independent contractors.

### FOURTH DEFENSE

All claims raised by Plaintiff's Complaint are barred by the statute of frauds.

### FIFTH DEFENSE

All claims raised by Plaintiff's Complaint are barred by the doctrine of waiver.

### SIXTH DEFENSE

All claims raised by Plaintiff's Complaint are barred by the doctrine of accord and satisfaction.

### SEVENTH DEFENSE

Plaintiff's right to recovery under the Complaint is diminished commensurate with Plaintiff's failure to mitigate damages.

### EIGHTH DEFENSE

Plaintiff has failed to prove the amount of debt is accurate.

### NINTH DEFENSE

Plaintiff's claims for breach of contract are insufficient due to inadequate consideration.

### TENTH DEFENSE

Defendants reserve the right to amend and/or add additional Answers, Defenses and/or Counterclaims at a later date.

                                              Respectfully submitted,

Dated: February 1, 2010                 */s/ Barry L. Cohen*
                                        Barry L. Cohen, Esquire
                                          James S. Ettelson, Esquire
                                          Lisa M. Swan, Esquire
                                          THORP REED & ARMSTRONG, LLP
                                          One Commerce Square, Suite 1000
                                          2005 Market Street
                                          Philadelphia, PA 19103
                                          Telephone:    (215) 640-8500
                                          Facsimile:    (215) 640-8501
                                          E-mail: bcohen@thorpreed.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing ANSWER TO PLAINTIFF'S COMPLAINT has been filed using the Court's CM/ECF filing system which will send e-mail notification of the filing to counsel for all parties. This document is available for viewing and downloading via the CM/ECF system.

/s/ Barry L. Cohen

{P0091886}